WOLFLEY et al. v. LEBANON MINING Co.

In cases of appeal to the supreme court, the order of the court allowing the appeal, must prescribe the amount of the bond.

*Appeal from the District Court of Clear Creek County.*

JUDGMENT in ejectment was rendered June 30, 1875, from which the district court allowed an appeal, but the penalty of the bond was not specified in the order. Time was allowed for filing bond until the 15th day of October, 1875, the same to be approved by the clerk, and on the 9th day of that month appellants filed a bond in the sum of $300.

Mr. H. M. TELLER now moved to dismiss the appeal upon several grounds, one of which was that the court had not prescribed the penalty of the bond.

Mr. L. C. ROCKWELL, for appellees, suggested that the court did in fact fix the penalty of the bond, and that the amount was entered in the judge's minutes, and so the clerk certified.

*Per Curiam.* The statute (R. S. 513) requires in cases of appeal that a bond shall be given in a reasonable sum, sufficient to cover the amount of the judgment appealed from and costs.

How this reasonable sum shall be ascertained is not stated, but it is clear that the court should fix it. If the statute prescribed the amount of the bond there would be nothing required of the court in respect to that matter, but as that has not been done in the law the order of the court is necessary.

We think that the amount of the bond is an essential part of an order allowing an appeal, and in the present case the order is fatally defective.

As, however, it is suggested that the amount of the bond was in fact fixed by the district court, we will con-

tinue the cause to enable appellants to move in the district court to amend the order.